253 A.2d 543.

CHRISTOPHER J. COOPER *vs.* THE HOUSING AUTHORITY OF THE CITY OF NEWPORT, RHODE ISLAND.

MAY 19, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a follow-up of an earlier opinion in a condemnation case. *Cooper* v. *Housing Authority of City of Newport,* 105 R. I. 126, 249 A.2d 904. In that case the damages awarded by the jury coincided exactly with the $5,100 which Louis P. Virgadamo, the respondent's expert, had testified was the fair market value of the condemned property. That verdict, however, was not allowed to stand, and on the petitioner's motion for a new trial it was set aside by the trial justice who granted a new trial unless the respondent would agree to pay as damages for the taking $1,900 plus interest in addition to the $5,100 awarded by the jury. Both parties then appealed, and in our earlier decision we disposed of all the grounds urged by each, excepting only the petitioner's contention that he had been prejudiced by an evidentiary ruling which foreclosed him from cross-examining Virgadamo concerning an appraisal he had made of the condemned property about three years prior to the trial. That was a contention we could not then pass upon because the earlier appraisal had not been marked for identification and we therefore had no way of knowing whether the value fixed differed from that testified to at trial, and, even if so, to what extent.

Without that knowledge, it was impossible to ascertain whether the petitioner had been prejudiced by the exclusion. Accordingly, we deferred final action, directed the respondent to supplement the record by filing a copy of the appraisal and, once that was done, permitted reargument on the question of whether the petitioner was prejudiced by the evidentiary ruling.

The record, supplemented as we directed, discloses that Virgadamo had, about three years prior to trial, valued the condemned land and buildings as a unit at $5,500, of which amount he assigned $1,300 to land value and $4,200 to the improvements. Those figures contrast with his testimony at the trial when he valued the land at $600, the improvements at $4,500 and the two as a unit at $5,100.

Conceding that the disparity between the appraisal and the testimony was insubstantial on an overall basis, petitioner argues, nonetheless, that it was pronounced and significant with respect to the separate valuations ascribed to the land and buildings. And those discrepancies, he insists, rendered the wrongful exclusion of the appraisal prejudicial because it deprived both the trial judge and the jury of the opportunity to consider the impeaching effect of the appraisal upon the testimony. That argument would be telling if Virgadamo's testimony had been accepted by the trial justice as it had been by the jury and if he had allowed the verdict to stand. But that is not what happened in this case. Here, the trial justice, instead of accepting Virgadamo's testimony, rejected it in its entirety, and then, in the interest of achieving substantial justice, he granted petitioner's motion for a new trial unless the respondent would consent to an additur of $1,900 together with interest. That rejection, it seems to us, completely dissipated any possible impeaching effect the appraisal might have had on the at-trial testimony, and the award of an additur of $1,900 overcame any possibility of preju-

dice that the petitioner might have sustained by reason of being denied the opportunity to cross-examine Virgadamo concerning his prior appraisal.

The petitioner's appeal is denied and dismissed as is the respondent's cross-appeal, and the case is remitted to the superior court for a new trial unless the respondent shall, within such period as shall be fixed by that court, consent to the additur heretofore awarded by the trial justice.

Motion to reargue denied.

*Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle,* for petitioner.

*Corcoran, Peckham & Hayes, William W. Corcoran,* for respondent.